```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

BANK OF AMERICA, N.A.,           )
                                 )
        Plaintiff,              )
                                 )
  v.                             )    No. 11 C 4559
                                 )
HILTON TRADING CORP., etc.,      )
                                 )
        Defendant.              )

### MEMORANDUM OPINION AND ORDER

This sua sponte memorandum opinion and order has been prompted by the Answer and Affirmative Defenses ("ADs") filed by Hilton Trading Corp. d/b/a Accubanker USA ("Hilton") to the Complaint brought against it by Bank of America, N.A. (the "Bank"). It will treat with the issues in the order in which they appear in the responsive pleading, rather than their order of importance.

That is more than amply demonstrated by the opening subject, which relates to the Answer's frequent use of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer (see Answer ¶¶6, 11-24, 26, 27 29, 34, 35, 42-44 and 51-53). Although Hilton's counsel have been faithful to the formulation prescribed by that Rule (something that all too many lawyers fail to do), each recitation of that formula is followed by the meaningless phrase "but demands strict proof thereof"--see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). That phrase is stricken wherever it appears in the Answer.

More substantively, Answer ¶¶58 and 59 fail to meet the requirements of notice pleading that federal practice imposes on defendants as well as plaintiffs. It will not do, in dealing with allegations as to a defendant's duty to a plaintiff, to say simply:

> This Defendant denies that Paragraph -- properly sets forth the duties imposed upon it by law and states affirmatively that it fully met and performed any such duties.

That is really nonresponsive to the Bank's allegations, and it does not satisfy the real-world requirement of Rule 8(b)(1)(B). Defense counsel must return to the drawing board to provide a more informative response.

Finally, several of Hilton's ADs are potentially dispositive of this action--AD I's statute of repose contention and the contentions of ADs III, IV and V as to the requirement of privity and as to other assertedly applicable statutes of limitations. Both parties are directed to focus their initial discovery efforts primarily on ascertaining the underlying facts that might or might not trigger those defenses.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 1, 2012